IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Flint Davis Ratliff, | ) | Civil Action No. 4:11-cv-70034-TLW |
| | ) | Criminal No. 4:08-cr-372-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Flint Davis Ratliff ("Petitioner"). Petitioner went to trial and on April 22, 2009, a jury returned a verdict finding Petitioner guilty to Count One of the indictment. (Doc. #535). Count One charged Petitioner with Conspiracy to Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), and 846. (Doc. #2). A sentencing hearing was scheduled for February 5, 2010, at which Petitioner entered a sentencing agreement with the Government setting Petitioner's total offense level at 39 with an advisory guideline range of 262 to 327 months. (Doc. #811). After considering the sentencing guidelines and relevant statutory factors, the Court sentenced Petitioner to a total term of 276 months. (Id.; Doc. #758). Petitioner did not appeal. (See Doc. #743).

Petitioner filed the present action on February 7, 2011, alleging multiple grounds for relief. Michael Chesser, the Defendant's trial attorney, submitted an affidavit. (Doc. #803). In Ground One, Petitioner alleges numerous claims of ineffective assistance of counsel. (Doc.

1

#793). In Ground Two, Petitioner alleges the Court made discovery and sentencing errors that impacted Petitioner's constitutional rights. Id. Finally, in Ground Three, Petitioner argues that the Court improperly admitted a codefendant's statement into evidence. Id. The United States of America ("Government") filed a response in opposition to all grounds and moved for summary judgment. (Docs. #804-805). Petitioner filed a timely response in opposition to the Government's motion. (Doc. #813). Despite having addressed the Government's memorandum in this response, (id.), Petitioner filed a document captioned "Objection to Non-Service of Government Memorandum and Motion for More Definite Statement" on September 4, 2012, in which he alleges he did not receive the Government's memorandum, (see Doc. #846). Also on September 4, 2012, Petitioner filed a timely Supplemental Memorandum in Support of § 2255 Motion. (Doc. #847). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which the prisoner may claim such relief: (1) that the court imposed the sentence in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence exceeded of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting

28 U.S.C. § 2255(a)). The Leano court noted that this standard is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. #804; 805). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56

3

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23.

## ANALYSIS OF CLAIMS

Petitioner asserts three grounds for relief, the first two of which contain a variety of facts in support. Ground One alleges ineffective assistance of counsel; Ground Two alleges that the Court made discovery and sentencing errors affecting Petitioner's Constitutional rights; and Ground Three alleges that the prosecutor improperly admitted, and the Court accepted, a written statement into evidence.

**Ineffective Assistance of Counsel**

As his first ground for relief, Petitioner asserts ineffective assistance of his trial counsel, Michael Chesser, Esquire ("Chesser"). (Doc. #793). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on lack of prejudice grounds. Id. at 697. Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that none of Petitioner's several ineffective assistance claims should survive summary judgment.

In support of his ineffective assistance of counsel claim, Petitioner first asserts that his attorney failed to share with the Petitioner a "very damaging statement" of his codefendant and that had his attorney shared the statement, Petitioner would not have gone to trial. (Doc. #793 at 5). Chesser notes in his affidavit that the statement to which Petitioner refers is a proffer statement made by Petitioner's co-defendant Bernard Haithcock. (See Doc. #803 at 2). In the affidavit, Chesser admits he was unaware of Haithcock's statement until Haithcock took the stand. (Id. at 2). Chesser further states that Petitioner was damaged by the statement. (Id. at 3). However, Haithcock was subject to cross examination about his statement when he took the stand. (See Doc. #704). Furthermore, as Chesser's affidavit notes and as Petitioner was aware, the evidence against the Petitioner was overwhelming and included the testimony of fifteen cooperating co-conspirators, which testimony amounted to several hundred pages of evidence at trial. (See Doc. #803; see also Docs. #698-705). Chesser states in his affidavit that Ratliff was "adamant [about] his decision to go to trial" even after Chesser told him "a conviction was likely… a plea was in his best interest" and that there was "overwhelming evidence against him." (Doc. #803 at 3). Finally, the Court notes that Petitioner failed to plead guilty even following introduction of the proffer statement at trial. (See Doc. #704). Based on the record before it, the

5

Court does not conclude that the prospect of admission of Haithcock's proffer at trial establishes a reasonable probability that, but for counsel's conduct, the result of the proceeding would have been different. There is no evidence to conclude the Petitioner would have pleaded guilty if this statement had been available earlier. There is no basis to conclude the Petitioner had any intention of pleading guilty. Stated simply, this claim is not a basis for relief. Thus, Petitioner's claim of ineffective assistance of counsel based on these facts is without merit.

Petitioner next asserts that his counsel was ineffective in failing to seek severance at trial, where Petitioner claims his codefendants "carried 90% of the conspiracy evidence." (Doc. #793 at 5). It is well settled that "barring special circumstances, individuals indicted together should be tried together." U.S. v. Brugman, 655 F.2d 540 (4th Cir. 1981). Petitioner has not shown evidence that any such special circumstances existed or that his trial counsel knew of any such circumstances, and thus Petitioner has failed to show that his trial counsel's conduct fell below an objective standard of reasonableness. There was simply no basis for severance in this case. A codefendant (Haithcock) sought severance, which was denied. (Doc. #488). Furthermore, in light of the significant evidence against Petitioner, Petitioner's conviction was likely with or without severance. Thus, Petitioner fails to establish that he was prejudiced by counsel's decision not to move for severance. In summary, Petitioner's claim of ineffective assistance of counsel based on these facts is without merit.

Petitioner next claims his counsel was ineffective for failing to seek a Franks hearing when the attorney allegedly knew a search warrant contained "questionable information." (Doc. #793 at 5). A Franks hearing, named after the case of Franks v. Delaware, is required "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant

6

affidavit, and… the allegedly false statement is necessary to the finding of probable cause." Franks v. Delaware, 438 U.S. 154, 155-56, (1978). Petitioner's claim on these facts is without merit for several reasons. First, Petitioner alleges only that his attorney knew the warrant contained "questionable information." (Doc. #793 at 5). Even assuming this is true, a party must show more than "questionable information" to obtain a Franks hearing. (See Franks, 438 U.S. at 155-56). Thus, Petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness. Furthermore, Petitioner's attorney vigorously represented the Petitioner in a suppression motion on the warrant, (see Doc. #503), but the Court denied the motion to suppress nonetheless, (Doc. #698 at 9-20). The Petitioner fails to show how a Franks hearing would have served a useful purpose or a purpose different from the suppression hearing. As well, an assertion that a search warrant contains "questionable information" is not a basis for relief under Franks. (See Franks, 438 U.S. at 155-56). Thus, Petitioner fails to establish that he was prejudiced by his counsel's performance. For these reasons, Petitioner's claim of ineffective assistance of counsel based on these facts is without merit.

Next, Petitioner asserts his counsel was ineffective in failing to investigate a witness, Karen Watts, who attributed "all of the drug weight" to Petitioner. (Doc. #793 at 5). Petitioner claims the witness had been in jail for one and a half years, "couldn't be truthful," and was under serious pressure to cooperate. (Id.). Petitioner's claim regarding ineffective assistance of counsel is without merit for several reasons. First, Petitioner fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness. Petitioner's counsel extensively cross-examined the witness, Karen Watts, at trial, (Doc. #699). Furthermore, at sentencing, Petitioner's counsel negotiated down the drug weights assigned to the Petitioner by Karen Watts. (Doc. #811 at 4, 5, 6). In his affidavit, counsel for the Petitioner notes the sentencing

negotiations of the drug weights. (Doc. #803 at 5). Thus, Petitioner presents no evidence that his counsel failed to investigate Karen Watts. Second, Petitioner fails to demonstrate that he was prejudiced by his counsel's performance. As the Government notes, Petitioner's counsel assisted in crafting the sentencing agreement, to which the Petitioner did not object, and which allowed the Petitioner to receive a 276 month sentence rather than face the life sentence the Petitioner would have faced as a result of the drug weights attributed to Petitioner in the presentence report. (See Docs. #804 at 8; 736-1 at 1-3; 811). For these reasons, Petitioner's claim of ineffective assistance of counsel based on these facts is without merit.

Finally, Petitioner asserts his counsel provided ineffective assistance by allowing Petitioner to waive his appellate rights in a sentencing agreement. (Doc. #793 at 5). Petitioner fails to show his counsel's performance was objectively unreasonable. Petitioner waived his right to appeal as part of Petitioner's agreement with the Government to reduce the life sentence to 276 months. (See Docs. #793; 803 at 6; 804 at 8). Petitioner states that he "waived [his] right to a direct appeal as part of a sentencing agreement," and that he did not appeal "because of my plea agreement appeal waiver." (Doc. #793 at 8, 9). The Petitioner continues to say "I waived my appellate rights. I don't believe I should have been forced to waive those rights, and I believe that I was given bad advice…." (Id. at 11). Thus, the Petitioner admits he "waived" his appellate rights and, notably, does not assert that he directed his counsel to appeal or that his counsel failed to consult with him regarding an appeal. (See Docs. #793; 743; see also United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007) (holding that an attorney has provided ineffective assistance of counsel where the defendant instructed his attorney to file an appeal but the attorney failed to do so). Although Petitioner alleges he was "forced" to waive his appeal, there is no evidence to support his statement. In fact, counsel notes the Petitioner "agreed to forego an

8

appeal and instead seek a possible reduction under Rule 35." (Doc. #803 at 8). Again, the Petitioner does not assert that he requested an appeal be filed nor does he offer any evidence of bad advice. There is no factual dispute on this issue. Moreover, no evidence supports that Petitioner was forced to sign an agreement waiving his appeal. The Petitioner admits he agreed in the plea [sentencing] agreement to waive his appellate rights and, notably, he also signed a statement provided by the Clerk indicating he did not wish to appeal. (Doc. #743). As discussed, there is no basis for relief on this claim. Therefore, Petitioner's claim of ineffective assistance of counsel based on these facts is without merit.

**Sentencing and Discovery Errors Impacting Constitutional Rights**

In Ground Two, Petitioner alleges that the sentencing Court made various sentencing and discovery errors impacting Petitioner's Constitutional rights. Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that none of Petitioner's several claims based on sentencing or discovery errors should survive summary judgment.

As the first set of facts in support of Ground Two, Petitioner asserts that the Court's sentence is substantively and procedurally unreasonable. (Doc. #793 at 6). There is no basis for relief on this claim. Petitioner's total offense level prior to sentencing was 45 and Petitioner was thus facing a life sentence under the guidelines. (See Doc. #736 at 11; USSG Sentencing Table). As noted above, Petitioner's agreement with the Government at sentencing reduced a life sentence to 276 months. (See Doc. #811). Furthermore, the statutory maximum in Petitioner's case was a life sentence. (See Doc. #736 at 13; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)). Petitioner thus benefitted from the negotiation of an actual sentence of 276 months and offers no factual or legal basis for his assertion that the sentence is substantively and procedurally unreasonable. Thus, Petitioner's claim based on these facts is without merit.

Petitioner next asserts the Court "impermissibly attenuated [Petitioner's] access to discovery materials," and that the Petitioner could not form an adequate defense. (Doc. #793 at 6). Petitioner asserts that with discovery, he would have known of his codefendant's statement and not gone to trial. In this case, the Court restrained counsel from leaving discovery materials with the Petitioner in jail to safeguard the material contained therein and to prevent physical harm to the Petitioner and those named in discovery material. (See Docs. #370; 804 at 8-9). However, defense counsel was free to review the discovery materials with the defendant, provided the materials were not released to the defendants in the jail. (Doc. #370). In light of the Court's purpose in safeguarding the discovery materials and the Petitioner's continued access to the materials so long as his attorney was present, the Court concludes that the limitations on discovery access were reasonable and Petitioner's claim based on these facts is without merit. Moreover, in light of Petitioner's insistence that he go to trial in light of the overwhelming evidence against him, Petitioner has failed to show any prejudice based on these facts. Therefore, Petitioner's claim based on these facts is without merit.

Petitioner next asserts that the Court improperly attributed a gun and leader/organizer status to the Petitioner. (Doc. #793 at 6). Petitioner's sentence, however, was based on an agreement with the Government rather than a function of guideline calculations. (See Doc. #804 at 9). To the extent the gun and leader enhancements would have applied absent the agreement, the facts of the case supported application of these enhancements. (See Doc. #736). Notably, as a result of the agreement, the Petitioner did not object to these enhancements. The Petitioner agreed to the enhancements and gives no basis to object in light of his waiving the right to challenge them. (See Doc. #804 at 9). Petitioner fails to provide a factual or legal basis supporting his claims that the enhancements were improperly considered, particularly in light of

the Petitioner's agreement with the Government, which agreement Petitioner does not challenge. Thus, Petitioner's claim based on these facts is without merit.

Finally, Petitioner asserts that the Court assigned an incorrect weight to the conspiracy. (Doc. #793 at 6). The drug weights at issue in the case were extensively litigated and the Petitioner's trial counsel extensively cross-examined Karen Watts, the witness responsible for assigning the bulk of the drug weights to the Petitioner. (See Docs. #697-705). Moreover, Petitioner's sentence was based on an agreement with the Government and thus not directly on the drug weight. (See Doc. #811). Petitioner fails to provide a legal or factual basis supporting his claim regarding drug weights, and thus Petitioner's claim based on these facts is without merit.

**Improper Admission of Codefendant's Statement**

In Ground Three, the Petitioner asserts that the prosecutor improperly submitted and the Court admitted into evidence a written statement by Bernard Haithcock. (Doc. #793 at 8). Petitioner claims that his attorney failed to object to the statement's admission and states that had it not been admitted, the trial outcome would have been different. (Id.). This claim is without merit. The written statement by Bernard Haithcock became admissible as a prior inconsistent statement under Federal Rule of Evidence 613 once Mr. Haithcock testified at trial. (Doc. #704 at 235-38). Furthermore, contrary to the Petitioner's claim, Chesser did object to admission of the statement. (Id. at 235). After considering Chesser's objection, the Court overruled the objection and properly admitted the statement. (Id.) Petitioner fails to establish any other meritorious basis for objection to the statement's admission, and after review of the record, this Court concludes the statement was properly submitted and admitted into evidence. Furthermore, as noted above, the evidence against Petitioner was substantial and Petitioner has failed to

establish with any reasonable likelihood that had the outcome would have been any different had the Haithcock statement been excluded. Thus, Petitioner's claim based on these facts is without merit.

## **CONCLUSION**

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #793), is **DENIED**; the Petitioner's Objection, (Doc. #846), is **OVERRULED** and the Motion for More Definite Statement contained therein is **DENIED**; the Government's motion for summary judgment, (Doc. #805), is **GRANTED**; and this action is **DISMISSED** with prejudice.

In addition to the motion for relief pursuant to 28 U.S.C. § 2255, Petitioner submitted two additional motions: a Pro Se Renewed Motion for an Evidentiary Hearing, (Doc. #848), and a Pro Se Motion for Authorization to Conduct Discovery, (Doc. #849). Regarding the motion for an evidentiary hearing, 28 U.S.C. § 2255(b) provides that such a hearing should be held "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief…." After careful consideration and for the reasons contained herein, the Court finds that the motion, files, and records here conclusively show that Petitioner was entitled to no relief. Accordingly, Petitioner's motion for an evidentiary hearing, (Doc. #848), is **DENIED**. Regarding the motion for discovery, Rule 6(a) of the Rules Governing Section 2255 Proceedings states, "[a] judge may, for good cause, authorize a party to conduct discovery…." After careful review and consideration, the Court does not find good cause supporting Petitioner's motion. Accordingly, Petitioner's motion for discovery, (Doc. #849), is hereby **DENIED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of

appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____  
TERRY L. WOOTEN  
United States District Judge

April 12, 2013  
Columbia, South Carolina