IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Flint Davis Ratliff, | ) | Civil Action No. 4:11-cv-70034-TLW |
| | ) | Criminal No. 4:08-cr-372-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Motion for Reconsideration filed by Flint Davis Ratliff ("petitioner") on May 13, 2013 pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. #903). Petitioner moves the Court to reconsider its Order entered on April 15, 2013, (Doc. #899), which denied Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, (Doc. #793), Petitioner's Motion for Hearing, (Doc. #848), and Petitioner's Motion for Discovery (Doc. #849); and which granted the Motion for Summary Judgment filed by The United States of America ("Respondent").

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard under which a District Court may grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (citations omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. at 403 (citations omitted). "Similarly,

1

if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." Id. (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (citations omitted).

After careful review of the record, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's April 15, 2013 Order. In particular, the Plaintiff fails to show any intervening change in controlling law; offer any new evidence; or show clear error of law or manifest injustice. Therefore, Plaintiff's Motion to Reconsider, made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, (Doc. #899), is **DENIED**.

**IT IS SO ORDERED**.

                                                  s/Terry L. Wooten
                                                  **TERRY L. WOOTEN**
                                        Chief United States District Judge

May 23, 2013
Columbia, South Carolina