IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL ALEX HALL, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No.: 4:12-02462-TLW <br> Criminal No.: 4:08-cr-00372-TLW-8 |

**ORDER**

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Michael Alex Hall (hereinafter "Petitioner"). (Doc. #843). On April 22, 2008, a federal grand jury returned a one count Indictment charging Petitioner with drug offenses. (Doc. #3). On April 3, 2009, Petitioner entered a guilty plea to the lesser included offense of Count One of the Indictment, Conspiracy to Distribute 50 Grams or More of a Mixture Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. (Docs. #479; 484; 485). On September 10, 2009, a sentencing hearing was held and Petitioner was sentenced to a term of imprisonment of 120 months. (Doc. #645; 661). Judgment was entered on September 15, 2009. (Doc. #661). Petitioner did not pursue a direct appeal of his conviction or sentence.

On August 23, 2012, Petitioner filed the present action raising one ground for relief. (Doc. #843). Petitioner contends that he is serving an illegally enhanced sentence and he is "factually innocent of being a career offender" within the meaning of the Sentencing Guidelines because he "has never been convicted of two predicate felonies" as contemplated by the Guidelines. (Doc. #843-1 at 7).

1

The Government filed its response in which it moved for dismissal of the petition and/or for summary judgment on October 24, 2012. (Doc. #869). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order entered on October 26, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. #870). Petitioner filed a response in opposition to the Government's motion on November 26, 2012, (Doc. #872), as well as a motion to hold this matter in abeyance (Doc. #873) and a motion to return this matter to the active docket (Doc. #932) on December 10, 2012 and July 22, 2013, respectively. The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error

does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Id. at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a 28 U.S.C. § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. This Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has moved to dismiss the single ground for relief raised by Petitioner in his § 2255 motion. (Doc. #869). Courts considering a motion to dismiss "for failure to state a claim upon which relief can be granted" filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure review whether the complaint is "legally and factually sufficient." See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." F.T.C. v. Innovative Mktg., Inc., 654 F. Supp. 2d 378, 384 (D. Md. 2009).

The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 675 (citing Twombly, 550 U.S. at 544). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"

3

and that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; see also Harman v. Unisys Corp., 356 F. App'x 638, 640–41 (4th Cir. 2009). The Supreme Court has further noted that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 675.

Additionally, in considering a motion to dismiss, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Moreover, in reviewing a § 2255 petition, a court is not limited to the motion itself; rather, it may also consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In the alternative, the Government has moved for summary judgment. (Doc. #869). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided

in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323.

Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner's single asserted ground for relief concerns the designation and use of three prior convictions as career offender predicate convictions to classify him as a career offender under the Federal Sentencing Guidelines. See U.S.S.G. §§ 4B1.1; 4B1.2. Petitioner contends that he is "factually innocent of being a career offender" within the meaning of the Sentencing Guidelines because he "has never been convicted of two predicate felonies" as contemplated by the Guidelines. (Doc. #843-1 at 7).

More specifically, Petitioner argues that "his prior convictions do not count as felony drug offenses under the federal statute" because "at no time could he have been sentenced under either [of his prior] North Carolina convictions to a term exceeding twelve (12) months based on the charged offense or his criminal history at the time of his arrest on the state charges." (Doc.

#843-1 at 10). Therefore, Petitioner contends that the decision of the United States Supreme Court in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and the decision of the Fourth Circuit Court of Appeals in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), entitle him to relief. (Doc. #843-1 at 9–11). The Government, in turn, counters that Petitioner's application is properly dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1), and additionally, on the basis that Petitioner waived his right to file a post-conviction motion challenging his sentence on grounds other than prosecutorial misconduct or ineffective assistance of counsel. (Doc. #869-1).

### A. Petitioner's § 2255 Motion is Untimely

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the one-year limitation period shall run from the latest of:

1. The date on which the judgment of conviction becomes final;
2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f)(1)–(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen (14) day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A), (b)(6) (effective December 1, 2009, criminal defendants have fourteen (14) days to notice an appeal). Where there is a direct appeal, the judgment of conviction becomes final when the time for filing a writ of certiorari challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

Because Petitioner did not file a direct appeal, his judgment of conviction became final on or about September 29, 2009, fourteen (14) days after the District Court entered its judgment on September 15, 2009. (See Doc. #661). Therefore, Petitioner's one year limitation period to file under § 2255 expired approximately one year later, on or about September 29, 2010. As noted, Petitioner did not file the present § 2255 petition until August 23, 2012. (Doc. #843). That is nearly two (2) years after the expiration of the presumptive limitation period.

The Petitioner recognizes that he did not file the instant petition within the one-year time limit, but contends that this Court may reach the merits of his claim under three theories that, according to Petitioner, allow him to circumvent procedural default. First, Petitioner, relying on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011),[1] argues that the petition is timely under § 2255(f)(3), which provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Second, Petitioner contends that he can overcome the statute

---

[1] In Simmons, the Fourth Circuit held that when assessing whether a defendant's prior North Carolina state conviction constitutes a predicate offense for federal sentencing purposes, courts must look only to the state's statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. 649 F.3d at 249-250.

7

of limitations because he is "factually innocent of being a career offender." (Doc. #843-1 at 7). Therefore, Petitioner argues in his supplemental filing dated July 18, 2013 (Doc. #932), the recent United States Supreme Court case of McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), applies to the instant case such that the untimeliness of his § 2255 petition "cannot serve as a barrier to collateral review [because] the claim raised is one of actual innocence." (Doc. #932 at 2). Third, Petitioner argues that the doctrine of equitable tolling should apply to excuse the lateness of his petition. Petitioner does not claim that the Government wrongly prevented him from bringing a timely § 2255 motion, and he does not allege newly discovered facts.

First, in his filings, Petitioner argues that the aforementioned Fourth Circuit Simmons decision excuses the lateness of his application. (Doc. #843). However, this argument is unavailing. While a litigant in Petitioner's position may timely file a § 2255 motion to vacate within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review, those circumstances are not presented here. See § 2255(f)(3). As an initial matter, the case relied upon by Petitioner is not a decision of the United States Supreme Court and therefore does not reset the clock for the § 2255 limitation period. In addition, while the Fourth Circuit Court of Appeals in Simmons did rely upon the Supreme Court case of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), in holding that a particular North Carolina marijuana drug offense could not be used for sentence enhancement purposes under the Controlled Substance Act (CSA), 21 U.S.C. 841(b)(1)(B), the United States Supreme Court issued the Carachuri-Rosendo opinion on June 14, 2010. Simmons, 649 F.3d at 243–44 (4th Cir. 2011). Therefore, even if Petitioner could have timely filed a motion to vacate within one (1) year after the Carachuri-Rosendo decision, Petitioner still

8

failed to do so by a wide margin as the present motion was filed on August 23, 2012, over two (2) years after Carachuri-Rosendo was decided.[2] (See Doc. #843).

Next, the Petitioner asserts that his § 2255 motion is timely pursuant to McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). However, Petitioner's reliance on McQuiggin is misplaced. In McQuiggin, the Supreme Court held that the AEDPA one year statute of limitations can be overcome by the miscarriage of justice exception in limited circumstance where a § 2255 petitioner asserts a proper claim for actual innocence. McQuiggin, 133 S. Ct. at 1935–36. To establish actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner does not claim that he is actually innocent of the charge for which he was convicted. Rather, Petitioner claims actual innocence of his sentence as a career offender. Therefore, because Petitioner is not asserting actual innocence as to his crime of conviction, McQuiggin provides no relief.

Finally, although the Fourth Circuit Court of Appeals does recognize the doctrine of equitable tolling of the statute of limitations governing § 2255 petitions in limited situations, Petitioner has cited no grounds capable of justifying the application of equitable tolling in this case. Moreover, Petitioner's claim that the Court erred in applying the career offender guidelines

---

[2] This Court has analyzed the issues in this matter as presented by the parties. The Court notes that after this matter had been fully briefed, the Fourth Circuit Court of Appeals issued its opinion in Miller v. United States, 735 F.3d 141 (4th Cir. 2013). In Miller, the Fourth Circuit held that its previous decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), announced a new substantive rule that is retroactively applicable on collateral review. Miller, 735 F.3d at 147. However, like Simmons itself, Miller is a Fourth Circuit Court of Appeals decision, and is not a decision of the United States Supreme Court. Accordingly, Miller does not reset the clock for the § 2255 one year statute of limitations period. See § 2255(f)(3). In the instant case, the government did not waive the statute of limitations and instead has expressly asserted the statute of limitations as a basis for dismissal.

under Simmons does not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of § 2255 because the sentence imposed does not exceed the statutory maximum. See, e.g., 28 U.S.C. § 2255(a); United States v. Present, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999).

### B. Petitioner's Waiver of Collateral Review

The Government additionally contends that this action should be dismissed because Petitioner agreed to waive his right to file a § 2255 petition for all issues except ineffective assistance of counsel and prosecutorial misconduct. Therefore, even if this Court were to find that Petitioner's § 2255 motion is timely, which it is not, the Government seeks to enforce the appeal waiver contained in Petitioner's plea agreement as a basis for dismissal. (Doc. #869).

Petitioner's plea agreement contained the following waiver of his appellate rights:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. #479 at 7 ¶ 14).

Petitioner's sole claim that the District Court erred in imposing a sentencing enhancement falls within the scope of the waiver. See, e.g., United States v. Monahan, 405 F. App'x 742 (4th Cir. 2010). Therefore, in addition to the fact that Petitioner's § 2255 motion is time-barred, Petitioner's Simmons claim is additionally subject to dismissal because he waived his right to bring this challenge in his plea agreement. (Doc. #479). Such a waiver is enforceable so long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his

conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529–30 (4th Cir. 2013) (dismissing appeal in which defendant waived his right to appeal his sentence in his plea agreement).

In the instant action, Petitioner concedes that his plea agreement contained a general waiver of appellate and collateral review rights. (Doc. #872 at 7) ("Respondent is correct in the assertion that the Petitioner's plea agreement contained a general waiver of appellate and collateral review rights."). Petitioner, however, maintains that this Court should not enforce the waiver contained in his plea agreement because "to do so would result in a miscarriage of justice," and also because the issue he raises is one that he "could not have reasonably contemplated when the plea agreement was executed." This Court concludes that Petitioner's waiver of the right to challenge his sentence on appeal or collateral review is valid and enforceable and the instant claim that he is actually innocent of the career offender sentencing enhancement falls within the scope of the waiver.

Petitioner does not allege that either his plea or waiver was either unknowing or involuntary. Moreover, the plea colloquy establishes that he pled guilty understanding the charge to which he was pleading as well as the consequences of his plea, including the waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present a claim of ineffective assistance of counsel nor does it present a claim of prosecutorial misconduct. Petitioner's challenge to the sentencing enhancement falls within the scope of the waiver. Accordingly, his § 2255 motion is subject to dismissal on the basis of waiver as well.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. #843) and the Government's motion for summary judgment is **GRANTED**. (Doc. #869).[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

January 14, 2014
Columbia, South Carolina

---

[3] Also presently pending before this Court are Petitioner's Motion to Hold Case in Abeyance (Doc. #873) and Motion to Return Case to Active Docket (Doc. #932). It is ORDERED that Petitioner's Motion to Hold Case in Abeyance (Doc. #873) and Motion to Return Case to Active Docket (Doc. #932) be, and hereby are, rendered **MOOT**.